IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JALEN KOBAYASHI, | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 21-cv-4327 |
| | ) | |
| v. | ) | Judge Charles P. Kocoras |
| | ) | |
| CITY OF CHICAGO, CHICAGO POLICE OFFICERS STEPHEN EIFRID (#19515), BRUCE PHIPPS (#20058), and JOHN DOES, | ) ) ) | JURY DEMAND |
| | ) | |
| Defendants. | ) | |

## FIRST AMENDED COMPLAINT

1. During the summer of 2020, the United States was in the throes of the largest social justice movement in history. In a repudiation of anti-Black racism, white supremacy, police violence, and mass criminalization and incarceration, millions joined demonstrations around the globe—often lifting up the names of George Floyd, Breonna Taylor, Tony McDade, Jacob Blake, and too many other Black people killed by police.

2. On August 15, 2020, Plaintiff Jalen Kobayashi joined hundreds of others in downtown Chicago to protest anti-Black police violence and demand substantial changes, including the massive reduction of taxpayer money being used to fund the Chicago Police Department ("CPD").

3. Plaintiff Kobayashi was exercising their rights to freedom of speech and freedom of assembly when Chicago police officers unjustifiably subjected them to harassment and excessive force by spraying them with a chemical agent, tackling them, beating them with batons, placing a knee on their neck, and groping them. After abusing them, Chicago police officers falsely arrested Plaintiff Kobayashi and held them in custody for approximately nine

1

hours before releasing them with a false charge of mob action; this charge was eventually dismissed.

4. The actions of the Chicago police officers were in violation of Plaintiff's constitutional right to free speech and assembly, their right to be free from unreasonable and unnecessary force, and their right to be free from unreasonable search and seizure guaranteed by the First, Fourth, and Fourteenth Amendments to the U.S. Constitution. Plaintiff Kobayashi seeks just compensation for their bodily injuries, pain and suffering, mental anguish, humiliation, loss of personal freedom, and other damages they suffered as a result of the violation of their rights.

## JURISDICTION AND VENUE

5. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a). This Court has supplemental jurisdiction under 28 U.S.C. § 1367(a) over claims arising under Illinois state law.

6. Venue is proper in this district under 28 U.S.C. § 1391(b) because the events giving rise to the claims asserted in this complaint occurred in this judicial district.

## PARTIES

7. Plaintiff Jalen Kobayashi is a 20-year-old Afro-Latinx resident of Chicago, Illinois who uses they/them pronouns.

8. Defendant City of Chicago is and at all times mentioned herein was a municipality organized and operating under the statutes of the State of Illinois. It is authorized under the statutes of the State of Illinois to maintain the Chicago Police Department, which acts as the City's agent in the areas of municipal law enforcement, and for which the City is

ultimately responsible. Defendant City was, at all times material to this Complaint, the employer and principal of the Defendant Officers.

9. Defendants Chicago Police Officers Stephen Eifrid (#19515), Bruce Phipps (#20058), and John Does are City of Chicago employees with the CPD. At all times relevant to the events at issue in this case, these defendants were acting under color of law and within the scope of their employment with the CPD. Each is sued in his or her individual capacity for violating Plaintiff's rights guaranteed by the U.S. Constitution and Illinois state law.

## FACTUAL ALLEGATIONS

10. On May 25, 2020, Minneapolis police officers murdered George Floyd when they suffocated him to death while he was handcuffed in a prone position on the ground in broad daylight on the street. Floyd begged to breathe, for his mother, and for his life, and witnesses begged the officers to let him go, before he ultimately took his last breath.

11. Floyd's murder and the police murder of Breonna Taylor in her home in Louisville, Kentucky, in addition to recent police murders of too many additional Black people throughout the United States, sparked the largest social justice movement in the history of the United States and has included protests around the world against anti-Black police violence, white supremacy, systemic racism, and inequality.

12. In Chicago, on August 15, 2020, there was a demonstration against anti-Black police violence downtown.

13. In the afternoon on August 15, 2020, Plaintiff Kobayashi joined a protest organized by "Increase the Peace," a community organization in Chicago, in solidarity with Black lives.

14. Plaintiff Kobayashi, due to their years of experience in leading actions and de-escalation, was invited to speak at the demonstration by "Increase the Peace," and to play a minimal role in supporting the event and the protesters, the bulk of whom were expected to be youth and young adults under the age of 21.

15. Plaintiff Kobayashi attended the protest with Alycia Kamil Moaton, who was invited to provide support at the rally.

16. The protest started near Millennium Park. At the beginning of the protest, protesters chanted and listened to invited speakers, one of whom was Plaintiff Kobayashi.

17. After listening to speakers, the protesters proceeded to march. Plaintiff Kobayashi marched down Michigan Avenue with the 400-600 protesters and their police liaison, who all approached Wacker Drive without any violence or unrest.

18. At Wacker Drive, Chicago police officers in riot gear surrounded Plaintiff Kobayashi and the protesters. When the police violence escalated, the number of protesters began to diminish to the point where police outnumbered the protesters.

19. When protesters attempted to walk over the bridge, Chicago police officers, without warning or a clear dispersal order, began beating them with batons, taking the protesters' belongings, and spraying them with chemical agents.

20. Plaintiff Kobayashi helped protesters in need of medical attention, and also helped protesters leave the march and helped to deescalate the unrest.

21. One or more unidentified Chicago police officers, without warning and justification, sprayed Plaintiff Kobayashi with a chemical agent on their body and face.

22. Plaintiff Kobayashi had to use saline solution on themselves multiple times to ease the burn of the chemical agent; regardless, their clothes chaffed to their skin, and the

chemical agent aggravated Plaintiff Kobayashi's asthma and complications arising from a deviated septum.

23. Chicago police officers ordered the protesters to leave while continuing to kettle them, making it almost impossible to leave without being arrested.

24. Chicago police officers cursed and yelled misogynistic and discriminatory slurs and threats at the protesters, including "that little cunt," "fucker," and called gender-deviant people "he-she." Officers also made comments such as, "I'll fuck you up," "Go protest about kids dying," and "I'll give you something to protest against."

25. At some point, Chicago police officers set up a check-point area in a corner of the protest, where officers searched people as they left.

26. When Alycia Kamil Moaton approached this check-point, wearing a tight t-shirt, shorts, and flip-flops, Plaintiff Kobayashi observed an unidentified Chicago police officer used both hands to search Moaton. The officer groped Moaton's back, buttocks, chest, genitals, and all over her clothes.

27. When the officer groped Alycia Kamil Moaton's genitals, Plaintiff Kobayashi heard Moaton ask the officer, "What are you doing?" Other unidentified Chicago police officers nearby then shouted, "Arrest them!" and "Take them down!"

28. When Plaintiff Kobayashi attempted to shield Alycia Kamil Moaton from the officers, multiple unidentified Chicago police officers tackled Plaintiff Kobayashi, causing Plaintiff Kobayashi to fall on top of Moaton. There were almost a dozen officers involved in this take down.

29. Unidentified Chicago police officers pulled Plaintiff Kobayashi off of Alycia Kamil Moaton, and then tackled Plaintiff Kobayashi to the ground again.

30. Approximately six unidentified Chicago police officers held Plaintiff Kobayashi down on the ground and groped Plaintiff Kobayashi's buttocks, back, and genitals.

31. While Plaintiff Kobayashi was on the ground, multiple unidentified Chicago police officers hit Plaintiff Kobayashi on the legs and back repeatedly with batons without justification.

32. While Plaintiff Kobayashi was on the ground, one unidentified Chicago police officer placed his knee on Plaintiff Kobayashi's face and neck, stating, "This is for George Floyd."

33. The unidentified Chicago police officers said other inappropriate comments like, "Fuck you, bitch, get on the ground," "We got your ass now," "Little cunt," and more vulgarities.

34. Unidentified Chicago police officers zip-tied Plaintiff Kobayashi's wrists tightly and arrested them for no justifiable reason.

35. The officers took Plaintiff Kobayashi to a Chicago police squadrol down the street, where they searched Plaintiff Kobayashi.

36. Plaintiff Kobayashi overheard one of the officers ask another officer, "What's the arrest for?" to which the other officer replied, "I don't know, you were supposed to get that." The first officer then replied, "Mob action, just put down mob action."

37. Plaintiff Kobayashi was taken to the 51st Street police station. At the station, when asked if they were in need of medical attention, Plaintiff Kobayashi answered, "Yes," to which an unidentified Chicago police officer replied, "It's too much paper work," and denied Plaintiff Kobayashi's request for medical attention.

38. While in custody, Plaintiff Kobayashi was not offered food. The water was not running in their cell, and the toilet was also not working.

39. Plaintiff Kobayashi remained in custody for approximately nine hours until their mother bailed them out.

40. Plaintiff Kobayashi was falsely charged with a misdemeanor count of mob action. On the arrest report for this false charge, Defendant Officer Eifrid was listed as the "Arresting Officer" and Defendant Officer Phipps was listed as the "Attesting Officer."

41. The arrest report included a section identified as the "Incident Narrative," where "[t]he facts for probable cause to arrest AND to substantiate the charges" are listed. In this section, Defendant Officer Phipps wrote: "[t]he arresting officer P.O. EIFRID #19515 witnessed the arrestee at 200 S LaSalle St. assemble with three or more persons for the purpose of using force or violence to disturb the public peace." The allegations in this incident narrative regarding Plaintiff Kobayashi are false.

42. Despite the false information contained in the arrest report, Defendant Officer Phipps completed the arrest report as the "Attesting Officer," claiming he was "acting as a processing officer." As the "Attesting Officer," Defendant Officer Phipps asserted, "I hereby declare and affirm, under penalty of perjury, that the facts stated herein are accurate to the best of my knowledge, information and/or belief."

43. Plaintiff Kobayashi's false charge was eventually dismissed on October 29, 2020.

44. Plaintiff Kobayashi did not physically attack, assault, threaten, or resist the Defendant Officers or any other Chicago police officer at any time or in any way.

45. Plaintiff Kobayashi did not commit any unlawful act and was engaging in constitutionally protected activity.

46. In the days and weeks following this incident, Plaintiff Kobayashi suffered dizzy spells and nausea due to their injuries. They have suffered significant emotional distress,

including increased anxiety, PTSD, insomnia, and night terrors. Additionally, they now experience increased fear and discomfort when they are in the presence of police officers, and are hesitant to leave their house. Plaintiff Kobayashi sought medical treatment for their emotional injuries.

47. Plaintiff Kobayashi is a dedicated community organizer but has been unable to work in that capacity because of the harm they suffered as a result of this incident.

48. As a direct and proximate result of the actions of the Defendant Officers as detailed above, Plaintiff Kobayashi suffered and continues to suffer, *inter alia*, bodily injuries, including bruises and scratches to their head and body and skin irritation, as well as pain and suffering, extreme mental distress, anguish, and fear.

## LEGAL CLAIMS

### COUNT I – 42 U.S.C. § 1983
### Violation of the Fourth Amendment – Excessive Force

49. Plaintiff Kobayashi repeats and re-alleges the foregoing paragraphs as if fully set forth herein.

50. Count I is alleged against Defendants Officer Eifrid and John Does.

51. The actions of the Defendant Officers described above constituted unreasonable and excessive force, without legal cause, in violation of Plaintiff Kobayashi's rights under the Fourth and Fourteenth Amendments to the United States Constitution.

52. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally, with malice and knowing disregard for Plaintiff Kobayashi's clearly established constitutional rights.

53. The actions of the Defendant Officers were the direct and proximate cause of the violations of Plaintiff Kobayashi's constitutional rights, bodily injury, pain, suffering, mental distress, anguish, humiliation, and loss of personal freedom, as set forth more fully above.

## COUNT II – 42 U.S.C. § 1983
### Violation of the First Amendment – Freedom of Speech and Assembly, Intimidation and Retaliatory Use of Force

54. Plaintiff Kobayashi repeats and re-alleges the foregoing paragraphs as if fully set forth herein.

55. Count II is alleged against Defendants Officer Eifrid and John Does.

56. As described in detail above, Plaintiff Kobayashi was participating in lawful, constitutionally protected activity on the public streets of the City of Chicago.

57. The actions of the Defendant Officers described above violated Plaintiff Kobayashi's rights to freedom of speech and assembly guaranteed by the First and Fourteenth Amendments to the United States Constitution, in that Plaintiff Kobayashi was abruptly prevented from further exercising their rights and suffered retaliation for having exercised their rights.

58. The Defendant Officers retaliated against Plaintiff Kobayashi for engaging in protected speech by subjecting them to excessive force without legal justification. Plaintiff Kobayashi's protected speech was the substantial and motivating factor for the Defendant Officers' use of force against them. The Defendant Officers' actions were intended to make Plaintiff Kobayashi and other people engaging in constitutionally-protected speech and assembly at the protest wary of continuing to engage in such protected activities in the future and specifically to chill their rights guaranteed under the First Amendment.

59. At all relevant times, the Defendant Officers were aware that Plaintiff Kobayashi was engaged in constitutionally-protected speech and assembly when they violated their rights. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally, with malice and knowing disregard for Plaintiff Kobayashi's clearly established constitutional rights.

60. The actions of the Defendant Officers were the direct and proximate cause of the violations of Plaintiff Kobayashi's constitutional rights, bodily injury, pain, suffering, mental distress, anguish, humiliation, and loss of personal freedom, as set forth more fully above.

## COUNT III – 42 U.S.C. § 1983
### Violation of the Fourth Amendment – False Arrest

61. Plaintiff Kobayashi repeats and re-alleges the foregoing paragraphs as if fully set forth herein.

62. Count III is alleged against Defendants Officer Eifrid and John Does.

63. The actions by the Defendant Officers in falsely detaining, arresting, and imprisoning Plaintiff without reasonable suspicion or probable cause violated Plaintiff Kobayashi's Fourth and Fourteenth Amendment rights to be free from unreasonable search and seizure.

64. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally, with malice and knowing disregard for Plaintiff Kobayashi's clearly established constitutional rights.

65. The actions of the Defendant Officers were the direct and proximate cause of the violations of Plaintiff Kobayashi's constitutional rights, bodily injury, pain, suffering, mental distress, anguish, humiliation, loss of personal freedom, and legal expenses, as set forth more fully above.

## COUNT IV – 42 U.S.C. § 1983
### Conspiracy to Deprive Plaintiff of Their Constitutional Rights

66. Plaintiff Kobayashi repeats and re-alleges the foregoing paragraphs as if fully set forth herein.

67. Count IV is alleged against all Defendant Officers.

68. Each of the Defendant Officers, acting in concert with other known and unknown co-conspirators, conspired by concerted action to accomplish an unlawful purpose by unlawful means.

69. Each of the Defendant Officers took concrete steps to enter into an agreement to unlawfully use force on Plaintiff Kobayashi, and to detain and arrest Plaintiff Kobayashi, knowing they lacked reasonable suspicions and/or probable cause to do so, and for the purpose of violating Plaintiff Kobayashi's First, Fourth, and Fourteenth Amendment rights.

70. In furtherance of this conspiracy, each of the Defendant Officers committed specific overt acts, misusing their police powers for the purpose of violating Plaintiff Kobayashi's rights. They accomplished this goal by using excessive force on Plaintiff Kobayashi and unlawfully arresting them.

71. In furtherance of this conspiracy, Defendant Officers Eifrid and Phipps agreed to include false information in Plaintiff's arrest report, which served as the basis of the false charge brought against Plaintiff Kobayashi. By including this false information, Defendant Officers Eifrid and Phipps were also attempting to cover up for the violence and unjustified arrest committed by Defendants Officer Eifrid and John Does.

72. Each individual Defendant Officer is therefore liable for the violation of Plaintiff Kobayashi's rights by any other individual Defendant Officer.

73. As a direct and proximate result of the Defendant Officers' conspiracy, Plaintiff Kobayashi suffered damages, including bodily injury, pain, suffering, mental distress, anguish, humiliation, and loss of personal freedom, as set forth more fully above.

### COUNT V – 42 U.S.C. § 1983
### Failure to Intervene

74. Plaintiff Kobayashi repeats and re-alleges the foregoing paragraphs as if fully set forth herein.

75. Count V is alleged against Defendants Officer Eifrid and John Does.

76. During the events described above, the Defendants stood by without intervening to prevent the violation of Plaintiff Kobayashi's constitutional rights under the First, Fourth, and Fourteenth Amendments, even though they had the opportunity and duty to do so.

77. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally, with malice and knowing disregard for Plaintiff Kobayashi's clearly established constitutional rights.

78. As a direct and proximate result of the Defendants' failure to intervene, Plaintiff Kobayashi suffered damages, including bodily injury, pain, suffering, mental distress, anguish, humiliation and loss of personal freedom, as set forth more fully above.

### COUNT VI – 42 U.S.C. § 1983
### Violation of the Fourteenth Amendment – Failure to Provide Medical Care

79. Plaintiff Kobayashi repeats and re-alleges the foregoing paragraphs as if fully set forth herein.

80. Count VI is alleged against Defendant Officer John Does.

81. The Defendants' failures to take appropriate steps to provide Plaintiff Kobayashi with adequate care for their very serious medical needs, as described more fully above,

constituted deliberate indifference to Plaintiff Kobayashi's serious medical needs and violated their Fourteenth Amendment rights. Defendants knew of and disregarded the substantial risk of injury to Plaintiff Kobayashi by failing to provide adequate medical care.

82. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally, with malice and knowing disregard for Plaintiff Kobayashi's clearly established constitutional rights.

83. The actions of the Defendant Officers were the direct and proximate cause of the violations of Plaintiff Kobayashi's constitutional rights, bodily injury, pain, suffering, mental distress, anguish, and humiliation, as set forth more fully above.

## COUNT VII – Illinois State Law Claim
## Violations of the Illinois Constitution

84. Plaintiff Kobayashi repeats and re-alleges the foregoing paragraphs as if fully set forth herein.

85. Count VII is alleged against Defendants Officer Eifrid and John Does.

86. The actions taken by the Defendant Officers denied Plaintiff Kobayashi their state constitutional rights to be free from an unreasonable seizure and to free expression and assembly in a peaceable manner, as provided by the Illinois Constitution, Article I, sections 1, 2, 4, 5, and 6, and were a direct and proximate cause of Plaintiff Kobayashi's injuries as set forth above.

87. The actions of the Defendant Officers were the direct and proximate cause of the violations of Plaintiff Kobayashi's Illinois State Constitutional Rights.

## COUNT VIII – Illinois State Law Claim
## Assault and Battery

88. Plaintiff Kobayashi repeats and re-alleges the foregoing paragraphs as if fully set forth herein.

13

89. Count VIII is alleged against Defendants Officer Eifrid and John Does.

90. As described in detail above, the Defendant Officers physically abused Plaintiff Kobayashi by spraying them with a chemical agent, tackling them, striking and beating them with batons, and groping them, causing bodily harm.

91. The actions of the Defendant Officers were affirmative acts and threatened to cause or did cause an unpermitted contact of a harmful and/or offensive nature, to which Plaintiff Kobayashi did not consent, and thus constitute assault and battery under laws of the State of Illinois.

92. The actions of the Defendant Officers were committed in a willful and wanton manner.

93. The Defendant Officers' actions directly and proximately caused injury and damage as set forth above.

## COUNT IX – Illinois State Law Claim
## Intentional Infliction of Emotional Distress

94. Plaintiff Kobayashi repeats and re-alleges the foregoing paragraphs as if fully set forth herein.

95. Count IX is alleged against all Defendant Officers.

96. The conduct and actions of the Defendant Officers set forth above were extreme and outrageous. The Defendants' actions were rooted in an abuse of power and authority, and were done intentionally, willfully and wantonly, and/or knowing that there was a high probability that their conduct would cause Plaintiff Kobayashi severe emotional distress as set forth above.

97. As a direct and proximate cause of the extreme and outrageous conduct of the Defendant Officers, Plaintiff Kobayashi was injured and experienced severe emotional distress constituting intentional infliction of emotional distress under Illinois State law.

### COUNT X – State Law Claim
### False Arrest

98. Plaintiff Kobayashi repeats and re-alleges the foregoing paragraphs as if fully set forth herein.

99. Count X is alleged against Defendants Officer Eifrid and John Does.

100. As described in detail above, the Defendant Officers falsely detained, arrested, and imprisoned Plaintiff Kobayashi without reasonable suspicion or probable cause and without having reasonable grounds to believe that an offense was committed by Plaintiff Kobayashi.

101. The misconduct in this Count was undertaken intentionally, with malice, willfulness, and reckless indifference to Plaintiff Kobayashi's rights.

102. The actions of the Defendant Officers were the direct and proximate cause of the violations of Plaintiff Kobayashi's rights, bodily injury, pain, suffering, mental distress, anguish, humiliation, and loss of personal freedom, as set forth more fully above.

### COUNT XI – State Law Claim
### Malicious Prosecution

103. Plaintiff Kobayashi repeats and re-alleges the foregoing paragraphs as if fully set forth herein.

104. Count XI is alleged against Defendants Officer Eifrid and Officer Phipps.

105. The Defendant officers, individually, jointly and/or in conspiracy, initiated and continued a malicious prosecution without probable cause against Plaintiff Kobayashi.

106. The prosecutions of Plaintiff Kobayashi terminated in their favor and in a manner that is indicative of innocence.

107. The Defendant Officers' actions were committed in a willful and wanton manner.

108. The Defendant Officers' actions directly and proximately caused injury and damage as set forth above.

**COUNT XII – Illinois State Law Claim**
**Conspiracy**

109. Plaintiff Kobayashi repeats and re-alleges the foregoing paragraphs as if fully set forth herein.

110. Count XII is alleged against all Defendant Officers.

111. The Defendant Officers together reached an understanding, engaged in and continue to engage in a course of conduct, and otherwise jointly acted and/or conspired among and between themselves to violate Plaintiff Kobayashi's rights guaranteed by the Illinois constitution and to be free from false arrest and the intentional infliction of severe emotional distress on Plaintiff Kobayashi.

112. In furtherance of this conspiracy or conspiracies, the Defendant Officers, together with their un-sued co-conspirators, committed the overt acts set forth above.

113. The Defendant Officers acted with malice, willfulness, and reckless indifference to Plaintiffs' rights.

114. Each individual Defendant is therefore liable for the violation of Plaintiff Kobayashi's rights by any other individual Defendant.

115. The conspiracy or conspiracies were and are continuing in nature.

116. As a direct and proximate result of the Defendant Officers' conspiracy, Plaintiff Kobayashi suffered damages, including mental distress, anguish, humiliation, and violations of their rights, as set forth more fully above.

### COUNT XIII – State Law Claim
### Respondeat Superior

117. Plaintiff Kobayashi repeats and re-alleges the foregoing paragraphs as if fully set forth herein.

118. Count XIII is alleged against Defendant City of Chicago.

119. In committing the acts alleged in this Complaint, each of the individual Defendant Officers were members of, and agents of, the CPD, acting at all relevant times within the scope of their employment.

120. Defendant City of Chicago is liable as principal for all torts in violation of state law committed by its agents.

### COUNT XIV – State Law Claim
### Indemnification

121. Plaintiff Kobayashi repeat and re-allege the foregoing paragraphs as if fully set forth herein.

122. Count XIV is alleged against Defendant City of Chicago.

123. In Illinois, pursuant to 735 ILCS 10/9-102, public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

124. The Defendant Officers acted within the scope of their employment in committing the misconduct described herein. Therefore, Defendant City of Chicago is liable as their employer for any resulting damages or award of attorney's fees.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff Kobayashi requests that this Court enter judgment in their favor against the Defendants in the following manner:

1. Award Plaintiff compensatory and punitive damages.

2. Award Plaintiff reasonable attorneys' fees, costs, and expenses pursuant to 42 U.S.C. § 1988.

3. Award Plaintiff such other and further relief as this Court may deem appropriate and just.

## JURY DEMAND

Plaintiff demands trial by jury.


Dated: January 18, 2022

          Respectfully submitted,

          /s/ Vanessa del Valle
          Vanessa del Valle

          Vanessa del Valle
          Roderick and Solange MacArthur Justice Center
          Northwestern Pritzker School of Law
          375 East Chicago Avenue
          Chicago, IL 606611-3609
          312-503-5932
          vanessa.delvalle@law.northwestern.edu

          /s/ Sheila A. Bedi
          Sheila A. Bedi

          Sheila A. Bedi
          Community Justice and Civil Rights Clinic
          Northwestern Pritzker School of Law
          375 East Chicago Avenue
          Chicago, IL 60611-3609

312-503-8576
sheila.bedi@law.northwestern.edu

/s/ Joey L. Mogul
Joey L. Mogul

Joey L. Mogul, Janine Hoft, Ben Elson
Jan Susler, Brad Thomson
People's Law Office
1180 N. Milwaukee Ave.
Chicago, IL 60642
773-235-0070
joeymogul@peopleslawoffice.com
janinehoft@peopleslawoffice.com
ben@peopleslawoffice.com
brad@peopleslawoffice.com
jsusler@peopleslawoffice.com

19